UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                                          NO. 22-29

JON VERDIN                                                 SECTION "R"

## ORDER AND REASONS

Before the Court is defendant Jon Verdin's second objection[1] to paragraph 62 of the Presentence Investigation Report.[2] The Government opposes the objection.[3] Considering the record, the briefing, and the applicable law, the Court now rules as follows.

## I.    BACKGROUND

On August 7, 2024, defendant pled guilty to Counts One, Two, and Three of a superseding bill of information that charged him with possession with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(A) (Count 1); being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1), and 924(a)(8) (Count 2); and

---

[1]    *See* R. Docs. 86, 102, and 113,
[2]    R. Doc. 100.
[3]    R. Doc. 93.

engaging in monetary transactions derived from unlawful activity, in violation of 18 U.S.C. § 1957 (Count 3).

The Presentence Investigation Report ("PSR") applied a career offender enhancement to defendant's offense under U.S.S.G. § 4B1.1. In doing so, the PSR found that Verdin had been convicted of two controlled substance offenses that qualified for the enhancement: a 2013 Louisiana conviction for possession with the intent to distribute marijuana,[4] and a 2016 Louisiana conviction for the attempted distribution of heroin.[5] Based on the application of the career offender enhancement, the PSR calculated defendant's total offense level as 34, his criminal history category as VI,[6] and his advisory guidelines range as 262 to 327 months.[7] Without the career offender enhancement, defendant's total offense level would be 31, his criminal history category would be V, and his advisory guidelines range would be 168 to 210 months.

Verdin objected to the career-offender enhancement and contended that his 2013 marijuana conviction no longer qualified as a "controlled

---

[4]    R. Doc. 100 ¶ 66 (citing 32nd Judicial District Court, Terrebonne Parish, Case No. 662-878).

[5]    *Id.* ¶¶ 71 & 73 (citing 32nd Judicial District Court, Terrebonne Parish, Case Nos. 16-726191 & 16-726194).

[6]    *Id.* ¶ 62.

[7]    *Id.* ¶ 125.

substance offense" under Section 4B1.1 after a 2018 amendment to the Controlled Substances Act ("CSA") narrowed the definition of marijuana to exclude hemp.[8]  In response, the Government argued that defendant's conviction for possession with intent to distribute marijuana is a controlled substance offense because the defendant had not shown a realistic probability that Louisiana would have applied its marijuana statute to prosecute hemp.[9]  The Court considers the parties' arguments below.

## II.    LAW AND ANALYSIS

### A.  Applicability of the "Realistic Probability" Test

A defendant qualifies for the career-offender enhancement under Section 4B1.1 of the Sentencing Guidelines "if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."  The Sentencing Guidelines define a controlled substance offense as a "federal or state" offense punishable by a term of imprisonment exceeding one year that "prohibits the manufacture,

---

[8]      *See* R. Docs. 86, 102, and 113,
[9]      R. Doc. 93 ¶ 2.

import, export, distribution, or dispensing of a controlled substance," or the "possession of a controlled substance" with intent to commit one of these acts.  U.S.S.G. § 4B1.2.  Only drugs listed on federal drug schedules at the time of defendant's sentencing are "controlled substances" for the purposes of the career offender enhancement.  *United States v. Minor*, 121 F.4th 1085, 1093 (5th Cir. 2024).

Courts use a "categorical approach" to determine whether a defendant's prior drug conviction qualifies as a "controlled substance offense" within the Sentencing Guidelines.  *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013).  Under this approach, a "prior conviction cannot serve as a predicate offense under the Career Offender Guideline Provision" if the "crime of conviction criminalizes a 'greater swath of conduct' than the elements of the relevant Guidelines offense."  *United States v. Hinkle*, 832 F.3d 569, 576-77 (5th Cir. 2016) (alteration adopted) (quoting *Mathis v. United States*, 579 U.S. 500, 509 (2016)).  To determine whether the crime of conviction criminalizes a greater swath of conduct, courts "look not to the facts of the particular prior case," but instead to whether the "statute defining the crime of conviction categorically fits within" the Guidelines definition. *Moncrieffe*, 569 U.S. at 190; *see also Hinkle*, 832 F.3d at 572 (instructing courts to analyze the "elements of the statute" involved in defendant's prior

conviction and not "the actual conduct of the defendant committing the offense").

In 2018, the Agriculture Improvement Act removed "hemp" from the CSA's definition of marijuana and federal drug schedules. 21 U.S.C. § 802(16)(B)(i). Consequently, hemp is not a controlled substance, and statutes that define marijuana to include hemp criminalize conduct outside the Sentencing Guidelines definition of a controlled substance offense. Therefore, in *United States v. Minor*, 121 F.4th 1085 (5th Cir. 2024), the Fifth Circuit held that pre-2018 federal convictions for marijuana-related offenses—before the federal government distinguished between marijuana and hemp—do not qualify as predicate offenses for the career offender enhancement. *Id.* at 1093.

The issue before the Court is whether defendant's 2013 Louisiana state conviction for possession with the intent to distribute marijuana still qualifies as a controlled substance offense under Section 4B1.2. At the time of defendant's conviction, the Louisiana statute included hemp in its definition of marijuana. *See* La. Rev. Stat. § 40:966 (2013). Louisiana's 2013 marijuana statute thus criminalized conduct outside the current definition of a controlled substance offense. But the government contends that even though the Louisiana statute criminalizes a broader swath of conduct on its

face, the defendant must additionally demonstrate a "realistic probability" that Louisiana applied its statute to prosecute crimes involving hemp before the Court can find that his conviction does not constitute a predicate controlled substance offense.

The Court finds that the "realistic probability" test applies here.  In *Gonzales v. Duenas-Alvarez*, 549 U.S. 183 (2007), the Supreme Court first articulated the realistic probability test when it applied the categorical approach to determine whether a defendant's conviction under California state law constituted a theft offense for the purposes of a federal immigration statute.   *Id.* at 185.  Although the elements of the California and federal offenses were the same, the defendant argued that California applied its statute to criminalize aiding and abetting conduct that fell outside the federal definition.  *Id.* at 190.  The Supreme Court rejected defendant's argument and held that courts cannot "find that a state statute" criminalizes conduct outside the "generic definition of a listed crime in a federal statute" based only on "the application of legal imagination to a state statute's language." *Id.* at 193.  Instead, a defendant must show "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime."  *Id.*  To show a "realistic probability," the Court held, a defendant "must at least point to his own case

or other cases in which the state court in fact did apply the statute in the special (nongeneric) manner for which he argues." *Id.*

Following *Duenas-Alvarez,* the Fifth Circuit has consistently held that courts must apply the "realistic probability" test when they determine whether a state criminal statute qualifies as a predicate offense under the categorical approach. *See United States v. Castillo-Rivera*, 853 F.3d 218 (5th Cir. 2017) (en banc) ("There is no exception to the actual case requirement articulated in *Duenas-Alvarez* where a court concludes a state statute is broader on its face."). Unlike every other Circuit,[10] the Fifth Circuit requires courts to consider whether there is a realistic probability that a state applies its statute to criminalize conduct outside the definition of a federal predicate offense, even if the state criminal statute is "plainly broader than its federal counterpart." *Id.* at 223. Therefore, when they apply the categorical approach, courts in the Fifth Circuit must always examine whether state courts "have actually applied the statute to conduct beyond the federal

---

[10]    *See, e.g.*, *Swaby v. Yates*, 847 F.3d 62, 66 (1st Cir. 2017); *Matthews v. Barr*, 927 F.3d 606, 620 (2d Cir. 2019); *Singh v. Att'y Gen.*, 839 F.3d 273, 286 (3d Cir. 2016); *Gordon v. Barr*, 965 F.3d 252, 260 (4th Cir. 2020); *Mendieta-Robles v. Gonzales*, 226 F. App'x 564, 572 (6th Cir. 2007); *Aguirre-Zuniga v. Garland*, 37 F.4th 446, 450 (7th Cir. 2022); *United States v. Daye*, 90 F.4th 941, 946 (8th Cir. 2024); *United States v. Grisel*, 488 F.3d 844, 850 (9th Cir. 2007) (en banc); *United States v. Titties*, 852 F.3d 1257, 1275 (10th Cir. 2017); *Said v. U.S. Att'y Gen.*, 28 F.4th 1328, 1332 (11th Cir. 2022).

statute," *Alejos-Perez v. Garland*, 93 F.4th 800, 805 (5th Cir. 2024), and defendants must "provide actual cases where state courts have applied the statute in that way," *Vetcher v. Barr*, 953 F.3d 361, 368 (5th Cir. 2020) (citing *Castillo-Rivera*, 853 F.3d at 223).

It is true that in *United States v. Taylor*, 596 U.S. 845 (2022), the Supreme Court clarified the scope of the realistic probability test. *Id.* at 850. In *Taylor*, the Court held that "for at least two reasons," the realistic probability test was unnecessary to determine whether an "attempted Hobbs Act robbery" qualified as a predicate "crime of violence" under the federal Armed Career Criminal Act ("ACCA"). *Id.* at 858. First, because the immigration statute in *Duenas-Alvarez* required the federal court to determine the meaning of a state statute, "it made sense to consult how a state court would interpret its own State's laws." *Id.* at 859. In *Taylor*, there were no comparable federalism concerns when the Court determined whether "the elements of one federal law align with those prescribed in another." *Id.* And second, because the "elements of relevant state and federal offenses clearly overlapped" in *Duenas-Alvarez*, the "only question" for the Court was "whether state courts also 'appl[ied] the statute in [a] special (nongeneric) manner.'" *Id.* (emphasis omitted) (quoting *Duenas-Alvarez*, 549 U.S. at 193). In *Taylor*, the elements of an attempted Hobbs

Act robbery and a crime of violence under the ACCA did not facially overlap, and therefore the Court could determine that an attempted Hobbs Act robbery criminalized conduct outside the ACCA's definition of a crime of violence without applying the realistic probability test. *Id.*

Nevertheless, the Fifth Circuit has not wavered in its application of the realistic probability test in the context of <u>state</u> convictions after *Taylor*. *See United States v. Kerstetter*, 82 F.4th 437, 441 (5th Cir. 2023) ("[N]othing in *Taylor* affects how to compare a state statute of conviction with a federal enhancement."), *vacated on other grounds*, 145 S. Ct. 121 (2024). Indeed, in *Minor*, the Fifth Circuit in 2024 noted that although it determined that defendant's pre-2018 <u>federal</u> marijuana convictions were not predicate controlled substance offenses under Section 4B1 without applying the test, it will "continue to apply that realistic probability test to state court convictions." *Minor*, 121 F.4th at 1093 n.9. And as recently as a month ago, the Fifth Circuit on remand from the Supreme Court rejected the argument that *Taylor* undermined the use of the realistic probability test when "the state statute sweeps more broadly than its federal counterpart." *United States v. Kerstetter*, No. 22-10253, 2025 WL 1079071, at *4 (5th Cir. Apr. 10, 2025) ("*Kerstetter II*"). Instead, the Fifth Circuit held that the realistic probability test was applicable because the case involved "a state statute and

9

a federal statute." *Id.*; *see also Ponce v. Garland*, 70 F.4th 296, 301 (5th Cir. 2023) (applying the realistic probability test and holding a petitioner arguing that a state statute is overbroad "cannot simply rest on plausible interpretations of statutory text made in a vacuum" after *Taylor*). Therefore, even though the 2013 Louisiana state statute is facially broader than Sentencing Guidelines definition of a controlled substance offense, Fifth Circuit precedent directs the Court to apply the realistic probability test here.

This Court acknowledges that another section of the Eastern District of Louisiana has articulated persuasive reasons why the realistic probability test should not apply in similar circumstances. *See United States v. Keelen*, No. 24-38, 2025 WL 3265059, at *4-7 (E.D. La. Jan. 29, 2025). The court in *Keelen* noted that the Fifth Circuit's current application of the "realistic probability" test does not square with the *Taylor* Court's directive to apply the test only when the elements of a state statute and federal definition facially match. *Id.* at *5. Further, it found that the application of the realistic probability test to facially overbroad statutes conflicts with the categorical approach, which directs courts to focus on the language of the statutory offense, not the facts underlying the case. *Id.* at *5-6 (citing *Gonzalez v. Wilkinson*, 990 F.3d 654, 660-61 (8th Cir. 2021)). But *Keelen* does not account for the federalism concerns that in part underpinned

*Duenas-Alvarez.*  And, in any event, this Court is bound by Fifth Circuit precedent and must apply the "realistic probability" test here.

### B.  "Realistic Probability" Test

To show a realistic probability "that the State actually prosecutes" the relevant offense, defendant must "point to an actual state case" applying the state statute "to conduct that falls outside the [federal] definition of the crime." *Castillo-Rivera*, 853 F.3d at 223.  Verdin therefore must identify an actual case in which Louisiana has prosecuted or currently prosecutes individuals for possession of hemp.  *See Alexis v. Barr*, 960 F.3d 722, 727 (5th Cir. 2020) ("[W]e examine [under the realistic probability test] whether [defendant] can point to other cases where Texas has prosecuted or currently prosecutes individuals for possession of 'position isomers of cocaine.'").

Verdin meets his burden here.  Recently, in *State v. Vidrine*, 402 So. 3d 596 (La. App. 3 Cir. 2024), the Louisiana Third Circuit Court of Appeal affirmed defendant's conviction and sentence for possession with the intent to distribute marijuana under La. Rev. Stat. § 40:966, and rejected defendant's contention that his industrial hemp products did not "fall within the scope of [Louisiana's] Uniform Controlled Dangerous Substances Act." *Id.* at 602.  The court recognized that under Louisiana law, "[i]ndustrial hemp" is "not considered marijuana when in the possession of one holding a

license issued by the [Louisiana State] Department of Agriculture and Forestry or when cultivated or harvested in accordance with the U.S. Agricultural Improvement Act of 2018." *Id.* at 603. But because defendant failed to submit evidence that he held a state license, the Court considered the "cookies and gummies" in defendant's possession to be marijuana subject to criminal penalties under La. Rev. Stat. § 40:966, even if they were "consumable hemp products." *Id.* The CSA excludes hemp and hemp derivatives from the definition of marijuana, regardless of whether they are possessed by a person holding a Louisiana state license. *See* 21 U.S.C. § 802(16)(B)(i). Therefore, the Court in *Vidrine* applied the Louisiana statute to criminalize conduct outside the Sentencing Guidelines definition of a controlled substance offense. Moreover, *State v. Broadway*, 920 So. 2d 960 (La. App. 2 Cir. 2006), also reflects a realistic probability that Louisiana prosecuted crimes related to hemp. *Id.* at 963. There, the Court affirmed defendant's conviction and sentence for the attempted cultivation of marijuana in a case that involved what officer testimony described as a "healthy hemp plant" growing near defendant's residence. *Id.*; *see Keelen*, 2025 WL 326509, at *7 (finding that *State v. Broadway* showed a realistic probability that Louisiana applied its statute to target crimes involving hemp).

Because defendant has demonstrated a realistic probability that Louisiana prosecuted hemp offenses under its Uniform Controlled Dangerous Substances Act, the Court concludes that defendant's 2013 conviction for possession with the intent to distribute marijuana does not qualify as a predicate offense for the career offender enhancement under U.S.S.G. § 4B1.1.

## C.    CONCLUSION

For the foregoing reasons, the Court SUSTAINS defendant's second objection to the Presentence Investigation Report.  The Court finds that defendant's total offense level is 31 and his criminal history category is V, resulting in an advisory guidelines range of 168 to 210 months.

New Orleans, Louisiana, this __13th__ day of May, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

13